

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-93,399-01

## EX PARTE JECORY ROBERT MAY, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS
## CAUSE NO. W366-82038-04-HC IN THE 366TH DISTRICT COURT
## FROM COLLIN COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of sexual assault of a child and sentenced to ten years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

In a single ground, Applicant contends that he is actually innocent. *Ex parte Elizondo*, 947 S.W.2d 202 (Tex. Crim. App. 1996). Applicant and the State jointly signed agreed proposed findings of fact and conclusions of law. The trial court adopted these, concluded that Applicant established that he is actually innocent, and recommended that the Court grant him a new trial. We believe that in a recantation case such as this one, before we make the important decision of whether

Applicant is entitled to relief, the record should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing on the matter at which the complainant shall be called to testify.

Applicant appears to be represented by counsel. If he is not, the trial court shall determine whether he is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make specific findings as to the credibility of the complaining witness' testimony at the live evidentiary hearing. The trial court shall make further findings of fact as to the complainant's original statement she made to the police, including whether a police report was filed. The trial court shall make further findings of fact addressing the substance of the complainant's recantations, including the meaning of the statements in her video recantation that she no longer had to be afraid that Applicant would come after her or her family; that, at the time she made the outcry, she thought what she was doing was right; and that Applicant deserved a second chance. The trial court shall make further findings of fact regarding the circumstances surrounding (1) Applicant's decision to plead guilty in this case; and (2) Applicant's testimony in the complainant's father's sexual assault trial. The trial court may make any other findings that it deems relevant and appropriate to the disposition of Applicant's innocence claim.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing the transcription of the court reporter's notes from the live evidentiary hearing and a copy of the exhibits admitted, along with the trial court's findings of fact and conclusions of law and a copy of the trial

record, including the clerk's record and a transcription of the reporter's record of the trial, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Delivered: February 9, 2022
Do not publish